[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, John Dillman, has filed a motion asking that the prejudgment remedy issued by this court on April 6, 1999, in the amount of $125,000 be modified upward. The defendant opposes any modification, on the grounds that there was initially a full evidentiary hearing attended by counsel for both sides and that the plaintiff ought not get a second opportunity to present "better" evidence than he did the first time. Because the case was, and is, in such an unusual posture, the court concludes that the fairest way to proceed is to allow the application for prejudgment remedy to be retried in its entirety.
The plaintiff has filed this personal injury action for money damages against the defendant, Frank Ruocco. The plaintiff CT Page 1712 alleges that during a verbal argument concerning a traffic incident the defendant shoved and kicked the plaintiff causing him to suffer severe personal injuries. At the time of the evidentiary hearing before the undersigned, the plaintiff testified as to the pain and discomfort he underwent as a result of the injuries. He offered no evidence at all, however, of what amount of economic damages resulted from the incident. He offered no testimony or documentation of medical bills, rehabilitation costs, or lost wages, despite having testified generally that such losses did occur. The court found that it could not speculate about what such costs might be and ordered a prejudgment remedy in the amount of $125,000, representing a reasonable figure only for the non-economic components of a damage award.
The plaintiff now moves to modify the prejudgment remedy by offering "additional evidence the court did not have before it," when the court granted the prejudgment remedy originally: the bills for medical procedures and hospital stays, the invoices for rehabilitation charges, and the tax records indicating lost earnings. It appears that all of this was available to the plaintiff at the time of the first hearing but was simply not presented.
The court could certainly take the position that the plaintiff is stuck with the consequences of his neglect in failing to present the necessary available evidence of his economic damages at the first hearing when he had the chance. That seems an overly severe position when the issue is not one that implicates a final judgment of the court, but rather one designed to protect the rights of the parties pendente lite. Moreover, Conn. Gen. Stat. § 52-278k expressly permits the court to modify or even to vacate a prejudgment remedy "upon the presentation of evidence which would have justified such court in modifying or denying such prejudgment remedy under the standards applicable at an initial hearing."
On the other hand, the defendant has pointed out that judicial resources should not be utilized to rehear, or readjust, each existing prejudgment remedy every time some new matter is disclosed during the pretrial discovery process. Indeed unless the matters presented are actually new, that is, not previously known or available, and unless the new matter is likely to result in a substantial change in the existing order, the court should exercise its discretion to decline even to entertain such a CT Page 1713 rehearing. Such is the holding of Apex Environmental, Inc. v.Stanwicks, Conn. Super. 1998 (Lavine, J.).
The court agrees with the general principal that judicial economy is of great importance, but the court does not believe that justice is served here by ignoring evidence that is clearly relevant and admissible to prove the large out-of-pocket costs suffered by the plaintiff as a result of this incident. Nor, however, is justice served by allowing only the plaintiff to fully develop the record. The defendant has now, some nine months after the court's ruling, put forth a special defense to the plaintiffs claims, giving new meaning to evidence that was presented at the original hearing.
When the court conducted the original hearing on the application for prejudgment remedy, the defendant did not testify. He had filed no pleadings, since the lawsuit had just been commenced and the signed complaint had not yet been served. While it became clear at the hearing that the plaintiff was quite intoxicated at the time of the incident, there was nothing presented to the court that squarely put the plaintiff's intoxication in issue as a special defense.
But now the posture of the case has changed. The complaint has been served and filed, and the defendant has filed a set of special defenses to the two-count complaint. The special defenses allege that the plaintiffs own intoxication and behavior caused him to provoke the incident and, one gathers, stumble and injure himself as the incident progressed. Further, the special defense alleges that the defendant, rather than committing an assault on the plaintiff, acted in self-defense.
Evidence of intoxication that originally appeared relevant only to cast doubt upon the ability of the plaintiff to accurately perceive and recall the incident now appears to be relevant to a new defense to the lawsuit — that the defendant is not liable at all for the plaintiffs injuries, or at least, under the negligence count, is less than 50% at fault for causing them. If it is fair to allow the plaintiff to supplement the evidence, it is also fair to allow the defendant to do so in light of the defense now pled by him.
Therefore, the court intends to rehear the application for prejudgment remedy de novo. Both sides should be prepared to present all relevant evidence to the court upon assignment by the CT Page 1714 clerk of the matter for rehearing. In ruling on the matter at the conclusion of the new hearing, the court may modify the prejudgment upward or downward, vacate it entirely, or allow it to remain unchanged in amount, as the evidence and the law directs. The parties are directed to contact the clerk for the undersigned to schedule a rehearing of the matter.
Patty Jenkins Pittman, Judge.